617 So.2d 437 (1993)
Denise THERIAULT, Appellant/Cross-Appellee,
v.
J.S. & G. ASPHALT, INC., a Florida corporation, Appellee/Cross-Appellant.
No. 91-3543.
District Court of Appeal of Florida, Fourth District.
April 28, 1993.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellant/cross-appellee.
David F. Cooney of Cooney, Haliczer, Mattson, Lance, Blackburn, Pettis & Richards, P.A., Fort Lauderdale, for appellee/cross-appellant.
PER CURIAM.
Denise Theriault appeals a final judgment awarding her $1,111.60 in damages for physical injuries sustained in a motor vehicle collision. We affirm.
Appellant has failed to demonstrate error in the admission of a pre-accident "diagnostic interview report." See Love v. Garcia, 611 So.2d 1270 (Fla. 4th DCA 1992). Appellant has also failed to demonstrate reversible error in the trial court's refusal to grant a new trial because of defense counsel's *438 alleged improper statements during opening and closing argument.
On cross-appeal, appellee contends the trial court erred in denying its motion for sanctions against appellant's attorney, Robert Kelley. Appellee prepared a 30" X 40" poster listing the chronology of prior accidents and injuries allegedly suffered by appellant. Appellee read from the poster during opening argument without showing it to the jury. The parties dispute whether Kelly had an opportunity to observe its contents at that time. Appellee's counsel kept the poster in a zippered carrying case. During a break in the trial, appellee's counsel witnessed Mr. Kelley crouched in front of the poster taking notes from it. Kelley admitted opening the case, removing the poster and copying information from it:
When I opened that I had no idea it was his or mine. I have ten things like that in my office. It wasn't until I opened it up I saw what it was. I said Hell, I might as well write this down so I can go through it.
The trial court denied appellee's motion for sanctions finding:
THE DEFENDANT'S MOTION FOR SANCTIONS against the Plaintiff's attorney Robert W. Kelley came on to be heard before the Court during several hearings, and the primary subject of said motion was an incident that occurred out of the presence of the Court during a time when the trial of this cause was in recess. The sworn testimony of each of the attorneys as to the facts which gave rise to the incident complained of are contained in the record of the hearings held on this matter.
THE PRIMARY SANCTION sought by the Defense is for the Court to specifically refer this matter to the Florida Bar for further investigation and disciplinary action if appropriate. The Court finds that because the conduct complained of did not in fact occur before the Court and further that the Defendant may also directly petition the Florida Bar with reference to this matter, that it would be inappropriate for the Court to take further action.
THE COURT also finds that other alleged discovery violations that occurred during the lengthy period in which this case was tried twice have not been sufficiently established so as to justify or require the imposition of sanctions against the attorney.
Appellee's motion for sanctions contains serious allegations of misconduct. However, we do not believe the trial court's failure to report this matter to the Florida Bar is subject to appellate review. We note Canon 3 B(3) of the Code of Judicial Conduct provides:
A judge should take or initiate appropriate disciplinary measures against a judge or lawyer for unprofessional conduct of which the judge may become aware.
On the other hand, the Rules of Professional Conduct of the Florida Bar make it equally clear:
Reporting Misconduct of Other Lawyers. A lawyer having knowledge that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate professional authority.
R. Regulating Fla. Bar 4-8.3(a). We also note that unlike the trial judge, appellee's counsel observed Mr. Kelley's alleged misconduct. The trial court's determination neither prevents appellee's counsel from filing a complaint with the Florida Bar nor presents an impediment to any investigation or further action the Bar may deem appropriate.
Finally, the record does not furnish a sufficient basis for us to conclude the trial court abused its discretion when it denied appellee's motion for sanctions.
AFFIRMED.
DELL, WARNER and POLEN, JJ., concur.